UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KPMG LLP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RECRUITER LIFE, INC., RECRUITER LIFE )<br>MAGAZINE, ICCI DIRECT, INC., ICCI )<br>GLOBAL, MAVEN MEDIA, INC., )<br>CHRISTOPHER LAVOIE, DEBORAH )<br>RUTLEDGE, ZIYON SHAKY a/k/a JIM )<br>SHACKY, MICHELE DAVIS, AND DOES )<br>1-10, )<br>)<br>Defendants. )<br>_____ ) | Civil Case No. 1:06CV00086<br><br>CONSENT JUDGMENT AND<br>PERMANENT INJUNCTION<br>AGAINST CERTAIN DEFENDANTS |

**THIS MATTER** is before the Court on the Joint Motion for Entry of Consent Judgment and Permanent Injunction Against Certain Defendants ("Joint Motion").

**WHEREAS**, Plaintiff KPMG LLP ("KPMG") filed its Complaint in this action on March 10, 2006, a true copy of which is annexed as Exhibit 1 hereto (the "Complaint"), alleging computer fraud and abuse, false advertising, misappropriation of trade secrets, unfair competition and breach of contract;

**WHEREAS**, the allegations in the Complaint arise out of the Defendants' alleged misappropriation, sale and misuse of confidential information concerning KPMG's employees, referred to in the Complaint as the "KPMG Confidential Information" and the "KPMG Roster", hereinafter collectively referred to as the "KPMG Data";

-1-

**WHEREAS,** Plaintiff and Defendants Recruiter Life, Inc., Recruiter Life, Inc. d/b/a Recruiter Life Magazine (named herein as Recruiter Life Magazine), ICCI Direct, Inc., ICCI Direct, Inc. d/b/a ICCI Global (named herein as ICCI Global), Maven Media, Inc., Christopher LaVoie, Deborah Rutledge and Ziyon Shaky a/k/a Jim Shacky (collectively, the "Consenting Defendants") have executed a certain Settlement Agreement effective June 14, 2006 ("Settlement Agreement"), a copy of which is annexed hereto as Exhibit 2;

**WHEREAS,** the Consenting Defendants represent and warrant that ICCI Global and Recruiter Life Magazine are not legal entities, that ICCI Direct, Inc. does business using the fictitious name ICCI Global and that Recruiter Life, Inc. does business using the fictitious name Recruiter Life;

**WHEREAS,** KPMG and the Consenting Defendants have consented to entry of this Consent Judgment and Permanent Injunction Against Certain Defendants ("Consent Judgment"); and

**WHEREAS,** upon review of the Joint Motion, pleadings and other materials on file with this Court and concluding that this is a proper cause for ordering the entry of this Consent Judgment against the Consenting Defendants, and good cause appearing therefore.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that, pursuant to Rules 54(b) and 58 of the Federal Rules of Civil Procedure, the Clerk of this Court shall forthwith enter this Consent Judgment jointly and severally against the Consenting Defendants and in favor of KPMG;

**AND IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall have continuing jurisdiction over the Consenting Defendants for the purpose of enforcing this Consent Judgment and/or the Settlement Agreement and over any action to

enforce the terms of this Consent Judgment and/or Settlement Agreement;

**AND IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that in the event of a default or breach of any provision of this Consent Judgment and/or the Settlement Agreement by any of the Consenting Defendants, KPMG shall be entitled to all costs and expenses arising out of said default or breach, including reasonable attorney's fees, paid or incurred by KPMG in enforcing and in obtaining the Consenting Defendants' performance of the terms of this Consent Judgment and/or the Settlement Agreement, in addition to any fines, damages, or injunctive relief awarded by the Court;

**AND IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consenting Defendants and their shareholders, officers, directors, agents, partners, employees, associates, servants, licensees, representatives, attorneys, and successors and assigns, and all natural or legal persons acting on their behalf or in active concert or participation with any of them, are hereby permanently enjoined and restrained, from the date of this Consent Judgment forward, from possessing, using, selling, offering for sale, licensing, promoting, marketing, distributing, copying, displaying, disseminating, disclosing to third parties or otherwise exploiting the KPMG Data and/or any other information or materials related to KPMG or its employees, or any portion thereof, in any and all media now known or hereafter developed;

**AND IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consenting Defendants and their shareholders, officers, directors, agents, partners, employees, associates, servants, licensees, representatives, attorneys, and successors and assigns, and all natural or legal persons acting on their behalf or in active concert or participation with any of them, are hereby permanently enjoined and restrained, from the date of this Consent Judgment forward, from using the KPMG name or related trademarks or logos for any purpose;

**AND IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, to the extent the Consenting Defendants have not already done so, they shall, within three business days following the entry of this Consent Judgment: (i) provide KPMG with all information and materials in their possession or control concerning the individuals or entities from whom the Consenting Defendants acquired the KPMG Data and/or any other information or materials related to KPMG or its employees and the terms of such acquisition(s); (ii) provide a written statement to KPMG detailing all sales or distributions of the KPMG Data and/or any other information or materials related to KPMG or its employees; (iii) pay over to KPMG the sum of eight thousand nine hundred and eighty-two dollars ($8,982.00) ("the "Disgorged Amount"), which the Consenting Defendants represent constitutes the total of all consideration received by the Consenting Defendants in connection with the sale or distribution of the KPMG Data and/or any other information or materials related to KPMG or its employees; (iv) provide KPMG with all information and materials in their possession or control concerning the date of each sale or distribution of the KPMG Data and/or any other information or materials related to KPMG or its employees, the identity and location of each purchaser(s) or recipient(s), and the consideration provided by each of such purchaser(s) or recipient(s); (v) to the extent not provided under (i), (ii), (iii) or (iv) above, provide KPMG with any and all information and/or materials in the possession, custody or control of the Consenting Defendants, in any and all media, related to KPMG, the KPMG Data and/or KPMG employees; (vi) request from Defendants' bank a copy of the cancelled check referenced in paragraph 2 of the Affidavit of Christopher LaVoie annexed to Settlement Agreement, and promptly following receipt provide KPMG's counsel with a copy of such canceled check; and (vii) following the completion of (i) through (v) above, destroy any and all information and/or materials in the possession, custody or control of the Consenting

Defendants, in any and all media, and all copies thereof, related to KPMG, the KPMG Data and/or KPMG employees and provide KPMG with a written certification that such destruction has been completed in all respects;

**AND IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consenting Defendants shall, within three business days following the entry of this Consent Judgment, pay to KPMG the sum of one thousand and eighteen dollars ($1,018), which sum shall be in addition to the Disgorged Amount;

**AND IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, the Court expressly determines, pursuant to the provisions of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment against the Consenting Defendants in accordance with this Consent Judgment, such judgment to be entered without further notice to the Consenting Defendants;

**AND IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the parties have waived their right to an appeal from or to otherwise contest this Consent Judgment;

**AND IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff and the Consenting Defendants shall bear their own costs; and

**AND IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff's claims against Defendants John Does 1-10 are severed and may be proceeded with separately in the above-referenced action.

Signed: June 30, 2006

Lacy H. Thornburg
United States District Judge